MARGARET T. CARPENTER, Plaintiff, *v.* THE CITY OF BUFFALO, Defendant.

Supreme Court, Erie County, July 16, 1930.

*Frank F. Williams*, for the plaintiff.

*Charles L. Feldman* [*Herbert A. Hickman* of counsel], for the defendant.

HORTON, J. Prior to 1913, plaintiff and certain others, who have since conveyed their interest to plaintiff, were the owners of premises in the city of Buffalo, 103 feet front by 249 feet deep, upon the north side of Ferry street between the New York Central railroad, Niagara Falls line, and the towpath, .adjoining Black Rock harbor. In that year the city condemned the fee of the southerly 50½ feet of the above premises " for the purpose of widening West Ferry Street " to a width of 100 feet, and paid plaintiff and her then co-owners $10,500 in full for the lands taken and for consequential damages to the remainder of the premises owned by them. The project of widening the street was then abandoned and the 50½-foot strip was never used for street purposes. At the time of the condemnation proceedings, and ever since, four buildings occupied the strip, cutting off all access to the remainder of plaintiff's property, except for a driveway about 20 feet wide between two of these buildings.

The plaintiff now brings this action against the city for an injunction directing the removal of these buildings, in order that the whole of her remaining property may front upon Ferry street, with damages for the obstruction caused by the buildings above referred to. The defendant claims that by the provisions of its charter (Laws of 1891, chap. 105, §§ 440, 441 and 443) lands acquired

for a public use, under title XX of its charter, need not be appropriated to that use, and that in that event they may be sold; that having acquired this property and paid for it, the city has the right to use it as it will, so long as it leaves reasonable access, such as this twenty-foot driveway, to the plaintiff's property; that the charter provisions above referred to recognize this right, and that, therefore, the plaintiff is entitled neither to the injunction nor to damages. It may be conceded that the first of defendant's premises is sound. Surely, if the city acquires lands for a public use, and later finds that the lands are not fitted for that use, or such public use is abandoned, it should have the right and the power to sell the lands in question.

The statute, recognizing this right of the city to make use of and to sell property so abandoned for street purposes, is not, however, determinative of the duty of the city to pay damages to an abutting property owner if, after having taken lands for ordinary street purposes, it uses them not for those, but rather for entirely different purposes. The vital question here is whether the second of defendant's premises is sound.

Having acquired these lands for street purposes, the city is not using, and never has used, them for any public purpose at all, but is renting the buildings thereon, after the manner of the ordinary private landowner; and to the abutting property owner, who protests that access to her property is almost shut off, and that she is damaged thereby, it says, after the manner of the private landowner: " Since 1 have acquired and paid for this land, I may use it as I please."

The city cannot thus assume the guise of a private individual. It is a public corporation created by law for certain governmental and administrative purposes. It may " acquire and hold all such property  *  *  *  necessary to the proper exercise of any power specifically conferred or essential to those purposes of municipal government for which it was created." (43 C. J. 1330.) It is given the right to take one's property even against his will if for a public purpose, and it cannot use this power of eminent domain as a vehicle to step into the real estate business. A property owner who is damaged may object to this as in the nature of a nuisance, and if the damage is continuous as here, he is entitled to injunctive relief at the hands of a court of equity and is not left to his remedy by mandamus.

He may also recover such damages as he has sustained. The case of *Matter of City of New York (New Street)* (215 N. Y. 109) seems decisive of this. In that case the Court of Appeals dismissed the liability of the city for additional damages to abutting owners arising from the construction and operation of a subway in a street,

and said (p. 117): " In ordinary street opening proceedings * * * an abutting owner has received, or will receive, only such damages as it is estimated will arise from the use of the street for proper purposes," and again: " Even the legislature * * * cannot authorize without compensation as against abutting owners a use of streets not included within or consistent with their proper purposes, and which are productive of special damages to such abutting owners," and held (at p. 124) that " the construction and operation of a subway, even through a street whereof the city owns the fee, is not such a street or public use that it may be authorized without compensation to abutting owners for substantial damages caused thereby." This principle was followed in *Matter of New York (Ely Avenue)* (217 N. Y. 45, 58), where the court said: " Abutting owners on Ely avenue who may be awarded damages incident to the condemnation of the land for street purposes will not be foreclosed from a recovery of damages arising from the erection and maintenance of an elevated railroad."

It is to be noted that in the two cases *supra* the court decided that abutting owners were entitled to damages for additional *public* uses of a street. *A fortiori* the same rule should apply when the use made of the street is private and not public at all.

The evidence as to the damage sustained is conflicting. Undoubtedly the commissioners in awarding consequential damages to this property in 1913 measured the same upon the assumption that the remaining lands were to front upon a widened and improved Ferry street and would have made a larger award if they were estimating the damage to this land fifty feet removed from the street with only a driveway for access thereto. With that, however, this court is not concerned, but finds from the evidence submitted that plaintiff has been damaged by the obstructions of these buildings, in the use and occupancy of her property, to the extent of $750 per year, and that she is entitled to recover the same computed from May 28, 1923, being six years before the commencement of this action to the date of judgment herein, this in addition to an injunction directing the removal of the buildings in question within thirty days after service of copy of judgment and notice of entry.